# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Leroy Hall McCoy, | Case No.: 2:21-cv-01966-APG-EJY |
| Petitioner, | **Order Vacating Denial of Application to Proceed in Forma Pauperis, Granting Application to Proceed in Forma Pauperis, Denying Motion for Appointment of Counsel, and Directing Respondents to Respond to Petition** |
| v. | |
| Calvin Johnson, et al., | |
| Respondents. | [ECF No. 1-1, 1-2, 5] |

       This is a habeas corpus action under 28 U.S.C. § 2254. I previously denied petitioner Leroy McCoy's application to proceed in forma pauperis and directed him to pay the filing fee.[1] McCoy has filed a copy of an inmate account transaction request form return memorandum.[2] This document shows that his request to withdraw money to pay the filing fee was voided because he has only $0.23 in his inmate account. I construe this document as a request for reconsideration of his application to proceed in forma pauperis. So construed, I will vacate the denial of his application to proceed in forma pauperis, and I will grant the application.

       I have reviewed McCoy's petition[3] under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I will direct the clerk of the court to serve the petition upon the respondents for a response.

       McCoy has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially

---

[1] ECF No. 4.

[2] ECF No. 5.

[3] ECF No. 1-1

eligible person who is seeking habeas corpus relief.[4] "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[5] There is no constitutional right to counsel in federal habeas proceedings.[6] The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.[7] After reviewing McCoy's claims, I conclude that appointment of counsel is not warranted.

I THEREFORE ORDER that my prior order denying the petitioner's application to proceed in forma pauperis **(ECF No. 4) is VACATED**.

I FURTHER ORDER that the petitioner's application to proceed in forma pauperis **(ECF No. 1) is GRANTED**. The petitioner need not pay the filing fee of $5.00.

I FURTHER ORDER the clerk of the court to file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

I FURTHER ORDER that the motion for appointment of counsel is **DENIED**.

I FURTHER ORDER the clerk to send a copy of the petition to the petitioner.

I FURTHER ORDER the clerk to add Aaron Ford, Attorney General for the State of Nevada, as counsel for the respondents.

I FURTHER ORDER the clerk to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing to the office of the Attorney General only.

---

[4] 18 U.S.C. § 3006A(a)(2)(B).

[5] *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

[6] *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

[7] *Weygandt*, 718 F.2d at 954.

I FURTHER ORDER the respondents to file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order, and that the petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

I FURTHER ORDER that any procedural defenses to the petition raised by the respondents must be raised together in a single consolidated motion to dismiss.  In other words, I do not wish to address any procedural defenses either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such a motion to dismiss will be subject to potential waiver.  The respondents must not file a response that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

I FURTHER ORDER that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to my chambers or to the staff attorney unless later directed by the court.

DATED this 13th day of January, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4