# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Leroy Hall McCoy, | Case No.: 2:21-cv-01966-APG-EJY |
| Petitioner | **Order Granting Motion to Dismiss in Part and Granting Motion for Leave to File Exhibit Under Seal** |
| v. | |
| Calvin Johnson, *et al.*, | [ECF Nos. 28, 26] |
| Respondents | |

In his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus, Leroy Hall McCoy challenges his convictions for kidnapping, attempted murder, and battery, arguing that the State introduced material, prejudicial testimonial evidence without the defense having an opportunity to cross-examine and that his counsel rendered ineffective assistance. ECF No. 6. The respondents move to dismiss the petition, asserting that several claims are conclusory or unexhausted. ECF No. 28. I dismiss grounds 2 and 3 because they are conclusory and fail to state claims for which federal habeas relief may be granted, and I conclude that ground 1(c) is exhausted and grounds 1(a), (b), and (d) are unexhausted.

**I.     Background**

In 2018, a jury convicted McCoy of first-degree kidnapping, attempted murder with use of a deadly weapon, and battery with use of a deadly weapon resulting in substantial bodily harm. Exh. 41.[1] The charges stemmed from an incident where McCoy kicked in the door of his sister Joslyn Hall's house and stabbed his ex-girlfriend, Ashley Ferch, several times. Ferch survived. The state district court sentenced McCoy to an aggregate term of 21 years to life. Exh. 43.

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss, ECF No. 28, and are found at ECF Nos. 17-24, 27.

Judgment of conviction was entered in July 2018, and an amended judgment of conviction was entered in October 2018. Exhs. 44, 64. The Nevada Court of Appeals affirmed McCoy's convictions in October 2019 and affirmed the denial of his state postconviction petition in October 2021. Exhs. 79, 116. McCoy dispatched his federal habeas petition for filing that same month. ECF No. 6. He raises three grounds for relief:

> Ground One: The State introduced material prejudicial testimonial evidence without an opportunity to cross-examine the witness in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments:
>
>   a. The State introduced prejudicial evidence in the form of text messages allegedly from Joslyn Hall without the opportunity to cross-examine Joslyn Hall (i.e., Exhibit 75);
>
>   b. The State introduced the victim Ashley Ferch's medical records without McCoy having the opportunity to cross-examine the doctor;
>
>   c. Trial counsel failed to object to the admission of Exhibit 75 and the victim's medical records;
>
>   d. The State introduced false testimony by victim Ashley Ferch.
>
> Ground Two: The State failed to establish the unavailability of absent witnesses Josephine Hall and J-Hara Hall before using testimony to obtain McCoy's conviction in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground Three: Trial counsel was ineffective in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments:
>
>   a. Trial counsel failed to adequately cross-examine witnesses Joslyn Hall, victim Ashley Ferch, Officer Cortez, and B-Kari Hall;
>
>   b. Trial counsel failed to conduct a reasonable pre-trial investigation to form a proper defense;
>
>   c. Trial counsel failed to investigate McCoy's innocence;
>
>   d. Trial counsel failed to conduct scientific and DNA testing on victim Ashley Ferch and her clothing;
>
>   e. Trial counsel failed to adequately explore McCoy's competence.

ECF No. 6 at 3, 5, 7.[2]

The respondents move to dismiss the petition as unexhausted and/or noncognizable. ECF No. 28. McCoy did not respond to the motion.

## II.  Motion to Dismiss -- Legal Standards & Analysis

### a. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A "petitioner is required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979). Here, the respondents argue that grounds 2 and 3 are conclusory. The court must "construe *pro se* habeas filings liberally." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). However, the court cannot grant relief based on conclusory allegations that are not supported by specific facts. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A

---

[2] I follow the respondents' labeling of the claims' subparts. (*See* ECF No. 28 at 6.)

claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where

different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### c. Discussion

***Ground 2 fails to state a claim for which habeas relief may be granted.***

McCoy argues that the State failed to establish the unavailability of absent witnesses Josephine Hall and J-Hara Hall before using testimony to obtain McCoy's conviction in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments. ECF No. 6 at 5. The testimony he refers to appears to be Exhibit 75, which was a text exchange between McCoy and his sister Joslyn Hall right after the incident. McCoy offers no specifics as to how Josephine Hall and J-Hara Hall would have testified. This bare, conclusory claim is dismissed for failure to state a claim.[3]

***Ground 3 fails to state a claim for which habeas relief may be granted.***

McCoy asserts five claims of ineffective assistance of trial counsel in ground 3: (a) trial counsel failed to adequately cross-examine witnesses Joslyn Hall, victim Ashley Ferch, Officer Cortez, and B-Kari Hall; (b) trial counsel failed to conduct a reasonable pre-trial investigation to form a proper defense; (c) trial counsel failed to investigate McCoy's innocence; (d) trial counsel failed to conduct scientific and DNA testing on victim Ashley Ferch and her clothing; and (e) trial counsel failed to adequately explore McCoy's competence. *Id*. at 7. In pleading a claim of ineffective assistance of counsel, a petitioner needs to show that counsel's performance was constitutionally deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984). But McCoy does not elaborate beyond these vague assertions that his right to effective assistance of

---

[3] This claim is not one of the two claims McCoy presented on direct appeal. *See* Exhs. 75, 79. Thus, ground 2 is also unexhausted.

counsel was violated. He fails to explain what testimony counsel should have elicited on cross-examination. He sets forth no specifics as to what counsel would have discovered if the pretrial investigation had been different, if counsel had looked into McCoy's innocence or competency, or had counsel obtained DNA testing on the victim or her clothing. The subparts of ground 3 are all conclusory, so ground 3 is dismissed for failure to state a claim.[4]

### *Ground 1 is unexhausted in part.*

McCoy claims that the State introduced material prejudicial testimonial without an opportunity to cross-examine the witness in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments. Three subparts of ground 1 are substantive claims: (a) the State introduced prejudicial evidence in the form of text messages that were allegedly from Joslyn Hall without the opportunity to cross-examine Joslyn Hall; (b) the State introduced Ferch's medical records without the defense having the opportunity to cross-examine the doctor; and (d) the State introduced false testimony by Ferch. *Id*. at 3. McCoy needed to raise these claims on direct appeal in order to exhaust them. He raised two claims on direct appeal: (1) he was denied his right to a fair trial when the State attempted to shift the burden of proof to him; and (2) he was denied his right to a fair trial when the State vouched for the veracity of their witness during closing argument. Exh. 75 at 12-14. He did not raise federal grounds 1(a), (b), or (d) on direct appeal, so those subparts are unexhausted.

Ground 1 also asserts a claim of ineffective assistance of counsel. McCoy presented ground 1(c) – that trial counsel failed to object to the admission of Exhibit 75 and the victim's

---

[4] While McCoy raised ground 3(b) on appeal of the denial of his state postconviction petition, the Nevada Court of Appeals did not consider the "bare [claim that] failed to explain what the results of a better investigation would have been and how they would have affected the outcome of the proceedings." Exh. 109, Exh. 116 at 4-5. McCoy did not present any of the other subparts of ground 3 to the Nevada appellate court. *See* Exhs. 109, 116. Thus ground 3 is also unexhausted.

6

medical records – to the Nevada Court of Appeals when he appealed the denial of his state postconviction petition. Exh. 109, Exh. 116 at 3-4.  Ground 1(c), therefore, is exhausted.

### *McCoy must decide how he wishes to proceed with his mixed petition.*

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*.  I dismiss grounds 2 and 3 for failure to state a claim.  Because parts of ground 1 are unexhausted, McCoy has these options: (1) he may submit a sworn declaration voluntarily abandoning the unexhausted claims and proceed only on the exhausted claims; (2) he may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[5] or (3) he may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.[6]  If McCoy wishes to ask for a stay, he must file a motion for stay and abeyance in which he (1) demonstrates good cause for his failure to exhaust several claims in state court and (2) presents argument regarding whether or not the claims are plainly meritless.  The respondents would then be granted an opportunity to respond, and McCoy to reply.  Or

---

[5] I make no assurances as to the timeliness of any future-filed petition.

[6] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

McCoy may file a declaration voluntarily abandoning the unexhausted claims, as described above. McCoy's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.

### III.     Motion for Leave to File Exhibits Under Seal

The respondents also moved to file an exhibit under seal. ECF No. 26. While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, the respondents ask to file McCoy's presentence investigation report ("PSI") under seal. The PSI is confidential under state law and contains sensitive information such as McCoy's identifiers and social security numbers. The respondents have demonstrated compelling reasons to file the PSI under seal. I grant the motion, and the exhibit will remain under seal.

### IV.     Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 28] is granted** as follows:

Grounds 2 and 3 are dismissed for failure to state a claim for which habeas relief may be granted.

Ground 1(c) is exhausted.

Grounds 1(a), (b), and (d) are unexhausted.

I FURTHER ORDER that McCoy has **until June 26, 2023** to inform the court which one of the following three options he chooses: (1) inform this court in a sworn declaration that he

wishes to formally and forever abandon the unexhausted claims and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. **If McCoy fails to complete one of these options by June 26, 2023, his petition will be dismissed**. If McCoy files a motion for stay and abeyance or seeks other appropriate relief, the respondents may respond according to Local Rule 7-2.

I FURTHER ORDER that if McCoy elects to abandon his unexhausted claims, the respondents will have **30 days** from the date McCoy serves his declaration of abandonment to file an answer to McCoy's remaining ground for relief. The answer must contain all substantive and procedural arguments for the surviving ground of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. McCoy will then have **30 days** from the date of service of the respondents' answer to file a reply.

I FURTHER ORDER that the respondents' motion for leave to file exhibits under seal **[ECF No. 26] is granted**. The exhibit will remain under seal.

Dated: May 23, 2023

                                                                                                         _____
                                                                                        U.S. District Judge Andrew P. Gordon