UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leroy Hall McCoy, | Case No.: 2:21-cv-01966-APG-EJY |
| Petitioner | **Order Denying Motion to Stay** |
| v. | [ECF No. 34] |
| Calvin Johnson, *et al.*, | |
| Respondents | |

In his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus, Leroy Hall McCoy challenges his convictions for kidnapping, attempted murder, and battery. ECF No. 6. In May 2023, I granted the respondents' motion to dismiss several claims as conclusory. ECF No. 33. I directed McCoy to choose one of three options: (1) submit a sworn declaration voluntarily abandoning the unexhausted claims and proceed only on the exhausted claim; (2) return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) file a motion asking this court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claims. *Id*. at 7-8. McCoy has moved for a stay and abeyance. ECF No. 34. But he has failed to demonstrate that a stay is warranted, so I deny the motion.

**I.    Background**

    **a.  State-court proceedings**

In 2018, a jury convicted McCoy of first-degree kidnapping, attempted murder with use of a deadly weapon, and battery with use of a deadly weapon resulting in substantial bodily harm.

Exh. 41.[1] The charges stemmed from an incident where he kicked in the door of his sister Joslyn Hall's house and stabbed his ex-girlfriend, Ashley Ferch, several times. Ferch survived the attack. The state district court sentenced him to an aggregate term of 21 years to life. Exh. 43. The judgment of conviction was entered in July 2018, and an amended judgment of conviction was entered in October 2018. Exhs. 44, 64. The Nevada Court of Appeals affirmed McCoy's convictions in October 2019 and affirmed the denial of his state postconviction petition in October 2021. Exh. 79, Exh. 116.

### b. Federal habeas proceedings

McCoy dispatched his federal habeas petition for filing in October 2019. ECF No. 6. He raised three grounds for relief:

> Ground One: The State introduced material, prejudicial testimonial without an opportunity to cross-examine the witness in violation of McCoy's rights under the Fifth, Sixth and Fourteenth Amendments:
>
> > a. The State introduced prejudicial evidence in the form of text messages allegedly from Joslyn Hall without the opportunity to cross-examine Joslyn Hall (i.e., Exhibit 75);
> >
> > b. The State introduced victim Ashley Ferch's medical records without McCoy having the opportunity to cross-examine the doctor;
> >
> > c. Trial counsel failed to object to the admission of Exhibit 75 and the victim's medical records;
> >
> > d. The State introduced false testimony by victim Ashley Ferch.
>
> Ground Two: The State failed to establish the unavailability of absent witnesses Josephine Hall and J-Hara Hall before using testimony to obtain McCoy's conviction in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground Three: Trial counsel was ineffective in violation of McCoy's rights under the Fifth, Sixth, and Fourteenth Amendments:

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss, ECF No. 28, and are found at ECF Nos. 17-24, 27.

    a. Trial counsel failed to adequately cross-examine witnesses Joslyn Hall, victim Ashley Ferch, Officer Cortez, and B'Kari Hall;

    b. Trial counsel failed to conduct a reasonable pre-trial investigation to form a proper defense;

    c. Trial counsel failed to investigate McCoy's innocence;

    d. Trial counsel failed to conduct scientific and DNA testing on victim Ashley Ferch and her clothing;

    e. Trial counsel failed to adequately explore McCoy's competence.

ECF No. 6 at 3, 5, 7.[2]

    I dismissed grounds 2 and 3 as conclusory. ECF No. 33. I also held that grounds 1(a), (b), and (d) were unexhausted. McCoy now asks to stay these proceedings so that he can return to state court to exhaust those subparts of ground 1. ECF No. 34.

**II.    Discussion**

    A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

    Turning to the procedural default doctrine, in *Coleman*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from

---

[2] I follow the respondents' labeling of the claims' subparts. *See* ECF No. 28 at 6.

obtaining a writ of habeas corpus in federal court. 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

A district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

4

The Ninth Circuit Court of Appeals has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id*. at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). Ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*. *See Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id*. (citing *Rhines*, 544 U.S. at 276–77).

McCoy argues that he can demonstrate good cause for his failure to exhaust his claims because his state postconviction counsel was ineffective. ECF No. 34. But ineffective assistance of postconviction counsel does not establish good cause to excuse procedural bars under Nevada law, so the Nevada courts would likely reject an argument that ineffective assistance of state postconviction counsel would establish good cause and prejudice to overcome state procedural bars against successive petitions and regarding untimeliness. *Brown v. McDaniel*, 331 P.3d 867, 869 (Nev. 2014). The Supreme Court of the United States established an exception to the application of the federal procedural bar in *Martinez v. Ryan*, limited to situations where state postconviction counsel was ineffective for failing to raise claims that trial counsel was ineffective. 566 U.S. 1, 17 (2012). McCoy should have raised three unexhausted subparts of ground 1 on direct appeal: (a) the State introduced prejudicial evidence in the form of text messages allegedly from Joslyn Hall without the opportunity to cross-examine Joslyn Hall (i.e., Exhibit 75); (b) the State introduced the victim Ashley Ferch's medical records without McCoy

having the opportunity to cross-examine the doctor; and (d) the State introduced false testimony by victim Ashley Ferch. These are not claims of ineffective assistance of trial counsel, and therefore, *Martinez* has no application here.

In his motion for stay, McCoy now speculates that there is "possible" new evidence in his case. ECF No. 34 at 3. But beyond "text mess." McCoy provides no explanation whatsoever as to the nature of this potential new evidence nor how it might establish good cause. Finally, McCoy does not address whether his unexhausted claims are meritorious. The claims assert that the State introduced evidence without McCoy being able to cross-examine witnesses. But admissibility of evidence is generally a question of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Federal courts ordinarily may not review a state evidentiary ruling unless the evidence was so prejudicial that the admission violated fundamental due process and fair trial rights. *Id*. at 68.

McCoy fails to satisfy the *Rhines* criteria. He has not established good cause for failing to exhaust his claims. He provides no information regarding any potential new evidence and whether it relates to actual innocence. And he does not explain whether the claims are meritorious. Under these circumstances, granting McCoy's request for a *Rhines* stay would be contrary to the Supreme Court's instructions that exhaustion stays should be granted only in limited circumstances and that the court is to be mindful of AEDPA's aims of encouraging the finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

Because I deny the motion for stay, McCoy now must choose between the two remaining options: (1) he may submit a sworn declaration voluntarily abandoning the unexhausted claims and proceed only on the exhausted claims; or (2) he may inform the court that he wishes to return

6

to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice.[3]

### III. Conclusion

I THEREFORE ORDER that McCoy's motion for a stay and abeyance **[ECF No. 34] is denied**.

I FURTHER ORDER that by **March 4, 2024**, McCoy must either: (1) submit a sworn declaration to this court voluntarily abandoning the unexhausted claims and proceeding only on the exhausted claim; or (2) inform this court that he intends to return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be dismissed without prejudice.

I FURTHER ORDER that if McCoy files a declaration voluntarily abandoning his unexhausted claims and choosing to proceed on his exhausted claim only, the respondents will have **60 days** after the declaration is filed and served to file a response to remaining claim in the petition.

I FURTHER ORDER that if McCoy fails to respond to this order, his petition may be dismissed without further warning.

DATED this 30th day of January, 2024.

　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　ANDREW P. GORDON
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] As previously stated, I make no assurances as to the timeliness of any future-filed petition.